UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 14-10082-GAO

UNITED STATES OF AMERICA,

v.

JOHN SILVIA, JR.,
Defendant.

OPINION AND ORDER
January 20, 2016

O'TOOLE, D.J.

The United States has charged the defendant, John Silvia, Jr., in a multicount Indictment alleging securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff (Counts One through Nine) and wire and mail fraud in violation of 18 U.S.C. §§ 1343 and 1341 (Counts Ten through Eighteen). The defendant has moved for an order severing the trial of Counts One through Eleven from the trial of Counts Twelve through Eighteen.

**I.      The Indictment**

As an overview, the Indictment alleges:

Beginning not later than in or about 2007, and continuing through in or about January 2014, SILVIA engaged in a scheme to defraud in which he obtained money from various individuals based on false representations regarding certain real estate transactions and his purported ability to transfer interests in ASM [Advance Space Monitor, LLC]. Among other things, SILVIA issued promissory notes based on the false representation that he was investing the money in real estate transactions that would yield profits within a short amount of time, thereby allowing him to re-pay the notes. In fact, SILVIA was not engaged in such transactions, nor did he have the right sell the real estate, as represented. SILVIA also falsely represented that he was entitled to receive shares in ASM pursuant to a June 30, 2009 "Subscription Agreement" and fraudulently assigned that purported interest in ASM in exchange for investment money. In fact, SILVIA did not have a June 30, 2009 Subscription Agreement with ASM and was not permitted to assign any interests in ASM. In order to both perpetrate his fraud and conceal it from his victims, SILVIA made materially false statements and misrepresentations, including providing victims

with false assurances regarding the use of their monies and the source of additional payments.

(Indictment ¶ 8 (dkt. no. 14).)

In brief, Counts One through Eleven (the "stock assignment counts") allege that the defendant falsely represented to four victims, identified in the Indictment as F.S., J.C., G.S. and A.R., that he was entitled to receive shares in a company called Advance Space Monitor, LLC ("ASM") through a "Subscription Agreement." He purported to assign to them his stock interest in ASM interest in exchange for payments from them. The Indictment alleges that although he did actually own some shares in ASM, he did not have a "Subscription Agreement" with ASM and he falsely represented that he was able to assign his own interest in the company. The scheme alleged in the stock assignment counts spanned the time period approximately between February 2009 and September 2011. As to these counts, Counts One through Nine allege securities fraud, and Counts Ten and Eleven allege wire fraud.

Counts Twelve through Eighteen (the "loan counts") allege that the defendant obtained money from another victim, L.T., based on false representations regarding certain real estate transactions. Specifically, it alleges that the defendant issued promissory notes based on the false representations that he was investing the money from L.T. in real estate that would yield profits within a short amount of time when, in truth, he was not actually engaging in such transactions and had no right to sell the real estate in question. The scheme alleged in the loan counts spanned the time period approximately between February 2013 and August 2013.

## II. Discussion

Rule 8(a) of the Federal Rules of Criminal Procedure permits joinder of two or more criminal offenses if the offenses are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." In

determining whether counts are properly combined for trial, the district court may consider factors such as "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." United States v. Taylor, 54 F.3d 967, 973 (1st Cir. 1995).

It is questionable whether joinder under Rule 8 is proper in this case. Broadly speaking, the counts involve allegations that over a six-year period the defendant made misrepresentations to various people to obtain money from them. But a closer reading of the Indictment suggests two separate schemes to defraud. The stock assignment counts are distinct from the loan counts as to the subject matter of the transactions, the identity of the alleged victims, and the time frame. As to the stock assignment counts, the government alleges that the defendant fraudulently obtained money by unlawfully assigning interests in ASM, whereas the loan counts involve promissory notes related to a purported real estate investment. The episodes are separated from each other by a period of approximately seventeen months. The latest stock assignment count is alleged to have occurred on September 27, 2011 (Count Nine), while the earliest loan count is said to have occurred on February 27, 2013 (Count Twelve). Although one person, A.R., was allegedly involved with Silvia in both kinds of transactions, (see Indictment ¶¶ 9-15), the only counts charging the defendant with defrauding A.R. are based on the ASM stock assignment (Counts Ten and Eleven). While there are allegations concerning a real estate loan involving A.R. in 2007 (outside both time periods alleged as to the offenses charged), those allegations are not the basis of a specific count charging a crime, but rather appear to be background for the charges relating to A.R. as a victim in the stock assignment counts. Otherwise, the alleged victims fall within either the stock assignment counts only or real estate loan counts only; there is no overlap as to any of them. Lastly, the statutory basis for the charges are mostly different. The stock assignment counts

3

include nine that charge securities fraud and two that charge wire fraud, while the loan counts all charge either mail or wire fraud.

The government contends that the Indictment charges a single scheme to defraud, but I am more inclined to read it as charging two separate schemes, albeit devised by the same schemer. Accordingly, I think it is doubtful that the stock assignment counts and the loan counts are properly joined under Rule 8(a). While they are broadly speaking of "similar character" because they allege fraud by the defendant, they are not "based on the same act or transaction," and I think it is a bit of a stretch to say that they "are connected with or constitute parts of a common scheme or plan." See Fed. R. Crim. P. 8(a).

However, I am also aware of the Court of Appeals' guidance that Rule 8(a) is "generously construed in favor of joinder." United States v. Randazzo, 80 F.3d 623, 627 (1st Cir. 1996). The instruction is based, at least in part, on the availability of Rule 14 of the Federal Rules of Criminal Procedure, which "provides a separate layer of protection" for a defendant. See id.

Even where joinder is proper, a defendant may justify a severance under Rule 14. If the joinder of offenses "appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14. According to the First Circuit:

> Generally, there are three types of prejudice that may result from trying a defendant for several different offenses at one trial: (1) the defendant may become embarrassed or confounded in presenting separate defenses; (2) proof that defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a separate trial for the second offense; and (3) a defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither.

United States v. Scivola, 766 F.2d 37, 41–42 (1st Cir. 1985) (citations omitted). "Severance is warranted only upon a 'strong showing of prejudice.'" United States v. Cox, 752 F.2d 741, 746

4

(1st Cir. 1985) (quoting United States v. Bautista, 731 F.2d 97, 100 (1st Cir. 1984)). Any time a court tries more than one offense together, there is a risk of some prejudice to the defendant. United States v. Richardson, 515 F.3d 74, 81 (1st Cir. 2008). "Garden variety prejudice, however, will not, in and of itself, warrant severance." Id.

Because I do not know at this stage what the government's evidence will be, it is not possible to finely determine the extent to which the concerns articulated in Scivola are present, but simply from an examination of the Indictment, each concern seems a plausible one here. In particular, because the stock scheme and the loan scheme appear to be largely, if not entirely, distinct in the nature of the transactions, the alleged misrepresentations, and the participants, the second concern, that a jury convinced of the defendant's guilt as to one of the schemes (or one aspect of what the government characterizes as one scheme) will be tempted to find him therefore guilty of the other. Indeed, buried underneath the government's assertion of a single scheme to defraud is the implicit proposition that what justifies the joinder of the two sub-schemes, if you will, is that the defendant is a fraudster. In other words, as it is structured, the Indictment hints at a propensity theory of criminal responsibility. While I recognize that one trial is more efficient than two, "concerns of judicial economy balance lightly against the dangers of jury confusion and conviction based on propensity evidence" which might be inadmissible. See United States v. Buchanan, 930 F. Supp. 657, 668 (D. Mass. 1996).

Accordingly, I conclude that there is a sufficiently plausible danger of substantial prejudice to the defendant from a joint trial that the more prudent course is to sever the trial of Counts One through Eleven from the trial of Counts Twelve through Eighteen, as is permitted by Rule 14(a).

5

## III.   Conclusion

For the foregoing reasons, the defendant's Motion for Relief from Misjoinder and/or Severance of Counts (dkt. no. 89) is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge